UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **CHARLES E. PERKINS,** )<br>                     **Plaintiff,** )<br>     v.                         )<br>                            )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY, sued as Michael J. Astrue,** )<br>**Commissioner of Social Security,** )<br>                            )<br>               **Defendant.** ) | **Case No. 10-2204** |

# REPORT AND RECOMMENDATION

Plaintiff Charles E. Perkins filed applications for Disability Insurance Benefits and Supplemental Security Income benefits on February 7, 2007, alleging a disability onset date of October 10, 2005. Plaintiff later amended his alleged onset date to September 30, 2006. The Social Security Administration denied his applications initially and upon reconsideration. At Plaintiff's request, ALJ John Mondi held a hearing on November 13, 2008. Plaintiff was represented by counsel. Plaintiff and Vocational Expert James Breen testified. On January 14, 2009, ALJ Mondi issued an unfavorable decision. The Appeals Council reviewed this decision. At this stage, Plaintiff again amended his disability onset date, back to the original date of October 10, 2005. The Appeals Council amended ALJ Mondi's decision to reflect the change in Plaintiff's alleged onset date, but otherwise adopted ALJ Mondi's decision. Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g).

In September 2010, Plaintiff filed a Complaint (#2) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the Appeals Council's decision to deny social security benefits. In May 2011, Plaintiff filed Plaintiff's Motion for Summary Judgment (#13). In September 2011, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision. (#19).[1] In October 2011, Plaintiff filed Plaintiff's Reply to the

---

[1] Plaintiff filed an accompanying Plaintiff's Amended Brief in Support of His Motion to Reverse the Decision of the Commissioner of Social Security (#15). Defendant filed Defendant's Corrected Memorandum In Support of Motion for Summary Affirmance (#25) to accompany this motion.

Commissioner's Response (#24). For the reasons discussed below, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for Summary Judgment **(#13)** be **DENIED**, and that Defendant's Motion for an Order Which Affirms the Commissioner's Decision **(#19)** be **GRANTED**.

## I. Background

Plaintiff is a person who, under the SSA regulations, is considered to be closely approaching advanced age. He has an associate's degree, and his past relevant work includes work as a building inspector, warehouse worker, and nursery laborer. Plaintiff has had two different temporary jobs since his application date, but neither one constituted substantial gainful activity. Plaintiff testified he could not continue those jobs because he developed fluid in his lower extremities and could not tolerate the walking and standing required by those jobs. (R. 32-34).

*1. Summary of ALJ Mondi's Decision*

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. An Administrative Law Judge (hereinafter "ALJ") must address these steps in his decision regarding a claimant's disability. In step two, the ALJ must determine whether the claimant has a severe medically determinable impairment, or a combination of impairments that are severe. ALJ Mondi determined that Plaintiff has the following severe impairments: hypertension, diabetes mellitus, cardiomyopathy, and histories of congestive heart failure and of substance abuse.

In step three, the ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. ALJ Mondi determined that Plaintiff's impairments did not meet or medically equal any listed impairment.

Before proceeding to steps four and five, an ALJ must determine the Plaintiff's residual functional capacity (hereinafter "RFC"). Here, ALJ Mondi concluded that Plaintiff has the RFC

to perform light work, though this work could not involve the climbing of ladders, ropes, and scaffolds, or more than occasional climbing of ramps, stairs, kneeling, stooping, crouching, and no more than frequent balancing and crawling.  Also, in assessing Plaintiff's credibility, to determine whether to credit Plaintiff's reports of fatigue and other subjective symptoms in forming an RFC assessment, ALJ Mondi noted his determination that Plaintiff is not fully credible.  ALJ Mondi supported this determination by noting that, at times when Plaintiff took all of his prescribed medications, he denied to his physicians that he continued to experience such severe symptoms.

At steps four and five, ALJ Mondi relied on vocational expert testimony that Plaintiff could not perform his past relevant work, but that work exists in significant numbers in the national economy that Plaintiff could perform.  The ALJ noted the vocational expert's testimony that, as a representative list, Plaintiff could perform work as a cashier, fast food worker, or a hostess/greeter.

2. *Summary of Plaintiff's Medical Records*

The bulk of Plaintiff's medical records concern Plaintiff's history and present symptoms of congestive heart failure.  The summary of Plaintiff's medical records presented here is not exhaustive, and is merely meant to highlight factual background most relevant to Plaintiff's arguments discussed below.

Plaintiff's most serious cardiac condition on the record occurred in October 2005.  On October 19, 2005, Plaintiff presented to the emergency room with an exacerbation of congestive heart failure.  Records indicate significant left ventricular dysfunction, with an ejection fraction between 15% - 20%.  (R. 264).  At this time, Dr. Macaluso, a treating physician with the Veterans Administration facility where Plaintiff was treated, noted that Plaintiff had not been taking his medications for approximately ten days prior to his hospitalization.[2]  Dr. Macaluso

---

[2]Plaintiff presented to the emergency room to Little Company of Mary Hospital, but after being discharged from this facility, transferred to the Hines VA medical center facility.  (R. 616).

noted that Plaintiff had significant edema in his legs and shortness of breath.  Though Plaintiff denied using illicit drugs, he tested positive for cocaine use at this time. (R. 264).

In June 2006, Plaintiff was diagnosed with congestive heart failure at New York Heart Association Functional Class III.  (R. 479).  This class is indicative of marked limitation of physical activity, with fatigue, palpitation, and dyspnea or anginal pain on less than ordinary activity.  This treatment record also notes Plaintiff's conditions of diabetes and hypertension, and hypothyroidism, and noted cocaine abuse and medical non-compliance.  (R. 480).  In July 2006, Dr. Chariece Robinson referred Plaintiff to Dr. Samuel Johnson for a cardiac catheratization.  Plaintiff ultimately refused this procedure.  (R. 479).  After July 2006, there is a gap in Plaintiff's treatment records for at least eight months.

In April 2007, Plaintiff saw Dr. Sandra Hare, for a consultative exam at the request of the Bureau of Disability Determination Services.  She diagnosed probable dilated cardiomyopathy with episodes of decompensated congestive heart failure, uncontrolled hypertension, and other conditions.  (R. 618).  In June 2007, Plaintiff began a program for substance abuse treatment. (R. 693-700).  In November 2007, Plaintiff met with treating physician Dr. Kimberly Webb.  She noted his reported symptoms of shortness of breath even at rest, but he denied chest pain, palpitations, and other symptoms.  Dr. Webb noted no signs of edema.  (R. 641).  Throughout 2008, Plaintiff's medical records reflect some issues with headaches, elevated blood pressure, and shortness of breath.  In November 2008, a nurse recommended exercise, and Plaintiff told her that he walked a mile daily.  (R. 673).

*3. Summary of Plaintiff's Testimony*

Plaintiff had a hearing before ALJ Mondi on November 13, 2008. In an opening statement, Plaintiff's counsel stated his main impairment is congestive heart failure, and a more recent diagnosis of diabetes. (R. 29).

Plaintiff testified that he was 52-years old, unmarried, with no children. He testified that he lived in an apartment with a roommate, perhaps on a temporary basis, as Plaintiff also indicated in the same discussion that he was homeless. (R. 39-40). The record reflects that in October 2008 he was staying with a friend, but at some point in November 2008 enrolled in a housing program for the homeless. (R. 675, 686). He holds an associate's degree in secondary education from Kankakee Community College. (R. 31-32).

ALJ Mondi inquired about the last time Plaintiff attempted work. Plaintiff testified that he attempted to work twice in 2008, and he worked for approximately one month in each position. Both of those positions were in packing facilities, and they involved a lot of standing. Plaintiff testified that his legs and feet would swell up, and when this would happen he would not be able to move his joints easily. He also indicated that he would often have trouble breathing. (R. 33-34). Plaintiff did not work in 2006 or 2007. (R. 34).

Regarding physical limitations, Plaintiff primarily complained of difficulty breathing, which leads to difficulty sleeping, walking, and otherwise engaging in normal activities. (R. 38). He testified that he has trouble seeing which prevents him from driving. His vision problems might be alleviated with glasses, but he cannot afford them. (R. 41). Regarding medication, Plaintiff testified that he is on a number of medications for his heart condition and for diabetes. Plaintiff noted there are side effects from the medications, including dry mouth, dizziness, frequent urination, and lack of appetite. (R. 37).

ALJ Mondi inquired about Plaintiff's history of alcohol or substance abuse. Plaintiff testified that, for a short time, he had developed a problem with drugs. He said he last used

drugs or alcohol in July 2005, and at that time he used cocaine. Plaintiff denied using heroin or other drugs. (R. 36-37).

## II. Standard of Review

To be found eligible for social security disability insurance and supplemental income, a claimant must show that he is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that is expected to result in death or that has lasted, or can be expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 416(i)(1).

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's finding with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). The findings of the Commissioner of Social Security as to any fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, the question before the Court is not whether a plaintiff is, in fact, disabled, but whether the evidence substantially supports the ALJ's findings. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether a plaintiff is disabled, the Court must affirm the ALJ's decision denying benefits. *Books v. Chater*, 91 F.3d 972, 977-78 (7th Cir. 1996).

## III. Discussion

Plaintiff argues that ALJ Mondi erred by: (1) failing to properly evaluate Plaintiff's cardiovascular impairments at Step 3; (2) failing to properly consider Plaintiff's cardiovascular impairments in determining Plaintiff's RFC; (3) failing to properly evaluate Plaintiff's credibility; and (4) failing to address VE testimony favorable to Plaintiff's claim. The Court will address each of these in turn.

*1. Listing 4.02*

Plaintiff argues the ALJ failed to consider in Step 3 whether Plaintiff's condition satisfies the criteria of Listing 4.02 for chronic heart failure.

To summarize Listing 4.02, its criteria are satisfied when, while adhering to a regimen of prescribed treatment, a claimant experiences either systolic failure or diastolic failure (the "A" criteria), and when a claimant suffers either persistent symptoms of heart failure which very seriously limit activities of daily living, or suffers at least three separate episodes of acute congestive heart failure within a 12-month period (the "B" criteria), requiring acute extended physical intervention such as hospitalization or emergency room treatment. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 4.02.

Plaintiff contends his condition satisfies the "A" criteria because he had a left ventricular ejection fraction (LVEF) of 20% in October 2005, and his condition satisfies the "B" criteria because he was hospitalized for his heart condition three times in 2005. Defendant responds that Plaintiff was not adhering to "a regimen of prescribed treatment" in 2005, the time period for which Plaintiff argues his condition met the listing requirements. Defendant further notes that Plaintiff's October 2005 hospitalization was precipitated by a failure to take medications and cocaine use.

ALJ Mondi only cursorily addressed Step 3 in his decision. ALJ Mondi summarily stated that he relied on the opinions of the State Agency medical consultants, and concluded that Plaintiff did not manifest clinical signs and findings that meet the specific criteria of any lisiting. ALJ Mondi did not specifically discuss whether Plaintiff satisfies Listing 4.02, nor is Listing 4.02 specifically addressed by the State Agency physicians in the record. (R. 20).

The Seventh Circuit has noted that "[i]n considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). The Court notes that there is no indication that Plaintiff disputed the applicability of

Listing 4.02 until after ALJ Mondi issued his decision, at which point Plaintiff first raised the issue to the Appeals Council. Nevertheless, the Court will assume without deciding that ALJ Mondi erred in failing to discuss Listing 4.02, and in summarily relying on unnamed State Agency medical consultants with no citation to the record in his Step 3 discussion.

However, even where an ALJ has erred, remand is not warranted where no reasonable ALJ would reach a contrary decision on remand. *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). Therefore, this Court must assess whether any ALJ could have concluded that Plaintiff manifested clinical signs and findings that met or were substantially equivalent to Listing 4.02.

As previously noted, Listing 4.02 requires that certain clinical findings be made when a claimant is on a regimen of prescribed treatment. Here, the only medical finding which arguably satisfies the "A criteria" of Listing 4.02 is a finding that in October 2005, Plaintiff had a left ventricular ejection fraction (LVEF) of 20%. (R. 264). However, the same medical report that contains this finding notes that Plaintiff had not been taking his medication for approximately ten days prior to his hospitalization, and that he tested positive for cocaine use. (R. 264). As Defendant correctly notes, this cannot be said to constitute a finding "while on a regimen of prescribed treatment," as Listing 4.02 requires. There are other instances in the record where Plaintiff had an LVEF of 30-35%, but this does not constitute systolic failure or diastolic failure as defined in the "A criteria." Additionally, Plaintiff indicates his condition satisfies the "B criteria" because he suffered three episodes of acute congestive heart failure within a 12-month period. Plaintiff was hospitalized three times in 2005, and the hospitalization in October 2005 was the third hospitalization. Again, Plaintiff was not on a regimen of prescribed treatment at this time.[3]

---

[3] The most succinct summary of Plaintiff's hospitalizations is noted by consultative examiner Dr. Hare. (R. 616). Dr. Hare notes the location and date for each hospitalization.

The Court concludes that, because Plaintiff was not adhering to a regimen of prescribed treatment at the time he claims he manifested clinical signs that satisfied Listing 4.02, no reasonable ALJ could conclude that Plaintiff's condition satisfies Listing 4.02. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011). Therefore, even if ALJ Mondi erred by failing to articulate his reasoning in Step 3, this does not constitute reversible error.

*2. ALJ Mondi's RFC Determination*

Plaintiff argues that ALJ Mondi did not properly evaluate the effects of heart disease on Plaintiff's residual functional capacity (RFC). Plaintiff notes the ALJ failed to acknowledge that Plaintiff was diagnosed with congestive heart failure, NYHA Class III, indicating a marked limitation in physical activity. Plaintiff further argues that this diagnosis supports his allegations of fatigue.

ALJ Mondi discussed the following evidence relevant to Plaintiff's RFC: First, the ALJ noted that, in multiple doctor's visits when Plaintiff was compliant with his medications, he reported feeling better, and denied having shortness of breath or heart palpitations. Additionally, the ALJ noted that in October 2008, Plaintiff reported to a nurse that he had been walking a mile daily. (R. 673). The ALJ concluded that he was "not convinced that the claimant's symptoms and episodes of fatigue have been so frequent or long lasting that they have precluded all work at all exertional levels at all times material to this decision." (R. 22).

An ALJ need not make a written evaluation of every individual piece of evidence in the record, so long as he builds a logical bridge from the evidence to his conclusions. *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005). Here, the NYHA Classes are one way to indicate a person's limitations in everyday activities due to congestive heart failure. But, the record reflects that, on the whole, the ALJ properly considered Plaintiff's fatigue. ALJ Mondi specifically discussed fatigue, and his factual determinations with respect to fatigue are conclusive if supported by substantial evidence. *See, e.g., Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995).

9

The Court concludes that there is substantial evidence supporting ALJ Mondi's discussion regarding fatigue, despite his omission of the NYHA Class III diagnosis.

*3. Credibility*

Third, Plaintiff argues that ALJ Mondi did not evaluate Plaintiff's credibility in a manner conforming with the requirements of SSR 96-7p. An ALJ's credibility determination will be given substantial deference, and it ordinarily will not be disturbed as long as it has some support in the record. *Edwards v. Sullivan*, 985 F.2d 334, 337 (7th Cir. 1993). Only when an ALJ's determination lacks any explanation or support will a court declare it to be patently wrong. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

SSR 96-7p lists seven factors that an ALJ must consider when assessing a claimant's credibility, when the claimant's symptoms suggest a greater severity of impairment than can be shown by objective medical evidence alone. Plaintiff contends that ALJ Mondi did not discuss any of these seven factors in addressing Plaintiff's complaints of fatigue.

In assessing Plaintiff's credibility, ALJ Mondi noted that Plaintiff stated that he walks a mile daily. (R. 673). ALJ Mondi also noted that Plaintiff's medical records indicate that Plaintiff had reported feeling good and denied having shortness of breath when he was taking all of his medications, but that Plaintiff experienced severe symptoms when he failed to take medications. Contrary to Plaintiff's argument, this discussion directly relates to the factors listed in SSR 96-7p that Plaintiff claims ALJ Mondi failed to use. Specifically, this discussion concerns Plaintiff's daily activities, and the course of treatment and effectiveness of Plaintiff's medications, two specifically listed factors in SSR 96-7p.

In addition to this discussion, ALJ Mondi noted, correctly, that Plaintiff's medical record establishes that he has substance abuse issues and has been dishonest about the extent of his drug use. Plaintiff testified that he had a short period of cocaine use, but none since July 2005. (R. 37). ALJ Mondi correctly noted that Plaintiff's testimony regarding cocaine use is not

consistent with the medical record. (R. 264, 479, 695). In this Court's opinion, Plaintiff's dishonesty regarding his substance abuse further supports the ALJ's credibility determination.

The Court concludes that there is ample support in the record for ALJ Mondi's credibility determination, and that ALJ Mondi adequately explained and supported his determination.

*4. Vocational Expert Testimony*

Last, Plaintiff argues that ALJ Mondi erred in failing to address vocational expert testimony favorable to Plaintiff. When a vocational expert testifies that certain limitations would preclude a claimant's ability to work, the ALJ must discuss that testimony and explain why it does not apply. *Bailey v. Barnhart*, 473 F.Supp.2d 822, 840 (N.D. Ill. 2006).

Here, the vocational expert testified that, if ALJ Mondi credited Plaintiff's assertions that he could not be on his feet for more 30 minutes at a time, or that he needed to lie down periodically, then Plaintiff could not maintain full-time employment. However, as discussed above, this Court has already determined that ALJ Mondi properly determined that Plaintiff is capable of performing light work, with the restrictions noted in ALJ Mondi's RFC determination. ALJ Mondi's reasoning supporting his RFC determination, in effect, explains why ALJ Mondi disregarded the vocational expert's testimony that Plaintiff could not work if he could not stand for more than 30 minutes or needed to lie down periodically. ALJ Mondi clearly concluded that these limitations were not supported by the record, and this factual determination is supported by substantial evidence.

The Court therefore concludes that ALJ Mondi did not err in failing to address vocational expert testimony favorable to Plaintiff, because ALJ Mondi properly rejected the limitations assumed in that portion of the vocational expert's testimony, when determining Plaintiff's RFC.

## IV.  Summary

Accordingly, this Court recommends that Plaintiff's Motion for Summary Judgment **(#13)** be **DENIED**, and that Defendant's Motion for an Order Which Affirms the Commissioner's Decision **(#19)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 27th day of January, 2012.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
