E-FILED
Monday, 21 October, 2013   11:05:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **CHARLES E. PERKINS,** | |
| Plaintiff, | |
| v. | Case No. 10-2204 |
| **CAROLYN COLVIN, Acting Commissioner of Social Security,** | |
| Defendant. | |

REPORT AND RECOMMENDATION

In May 2013, Plaintiff filed a Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA) (#39), 28 U.S.C. § 2412.  The Commissioner subsequently filed a Response to Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (#40).  In June 2013, Plaintiff filed a Reply to the Defendant's Response to Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (#42), which included a supplemental fee petition.

After reviewing the parties' motions and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (**#39**) be **GRANTED as modified** by the Court.

I.  Background

In February 2007, Plaintiff applied for disability insurance benefits and supplemental security income, claiming disability since 2005 based on congestive heart failure and hypertension.  In January 2009, the administrative law judge (ALJ) found Plaintiff not disabled.  In March 2010, the Appeals Council denied Plaintiff's request for review.  Subsequently, Plaintiff filed a complaint in the district court.  This Court affirmed the Commissioner's decision, and Plaintiff appealed.  In January 2013, the Seventh Circuit Court of Appeals issued a written order vacating the ALJ's decision and remanding the case to the Commissioner for further review.  *See Perkins v. Astrue*, 498 F. App'x 641 (7th Cir. 2013).

Plaintiff's petition for attorney fees seeks an award of $19,575.37 for EAJA fees and $233.90[1] for costs for a total of $19,809.27.  Specifically, Plaintiff requests $5,219.92 for fees and costs at the district court level[2] and $14,589.35 for fees and costs at the appellate court level.[3]  In addition, in the Reply to the Defendant's Response to Plaintiff's Motion for Fees, Plaintiff requests $1,013.37 for 5.5 hours of work performed on the reply.  In total, Plaintiff seeks reimbursement for $20,822.64 for 111.6 attorney hours, 2.1 hours of work by legal assistants, and costs.

The Commissioner opposes, arguing that the Court should deny the request for fees and costs because the agency's denial of benefits and defense of its denial of benefits were substantially justified.  The Commissioner does not challenge the amount of fees requested.

## II.  Legal Standard

Under EAJA, a plaintiff is eligible to recover reasonable attorney fees where (1) the plaintiff makes a timely application for fees; (2) the plaintiff is a prevailing party; (3) the position of the United States was not substantially justified; and (4) no special circumstances make an award unjust.  28 U.S.C. §§ 2412(d)(1)(A)-(B).  Plaintiff is the prevailing party by virtue of the remand.  *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  In the context of a request for fees in a social security case, "the position of the United States" includes the ALJ's decision as well as the Commissioner's defense of that decision.  *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990).  The term "substantially justified" means "justified in substance or in the main -- that is,

---

[1] Costs include $10.00 at a rate of $0.10 per page for copies (100 pages) at the district court level.  At the appellate court level, costs for copies of the briefs totaled $223.90.  At a rate of $0.10 per page, that indicates 2,239 copies.

[2] Plaintiff requests $5,114.92 for 28.7 hours of work performed by an attorney at an hourly rate of $181.38, $95.00 for 1.0 hour of work performed by a legal assistant at $95.00 per hour, and $10.00 in costs.  The Court notes an error in this calculation:  A rate of $181.38 per hour multiplied by 28.7 hours totals $5,205.61.  The Court will use the corrected figure.

[3] Plaintiff seeks $14,260.95 for 77.4 hours of work performed by an attorney at an hourly rate of $184.25, $104.50 for 1.1 hours of work performed by a legal assistant at an hourly rate of $95.00, and $223.90 in costs.  The Court notes an error in adding the hours:  Attorney hours at the appellate level totaled 75.6, not 77.4.

justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "The commissioner's position is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011); *see United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (explaining that a position is substantially justified if there is "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced" (internal quotation marks omitted)).

The Commissioner bears the burden to establish that the agency's position was substantially justified. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Plaintiff bears the burden of showing that the amount of the fee request is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[4]

### III. Analysis

The issues before the Court are whether the Commissioner's position as a whole was substantially justified and whether the fees requested are reasonable.

### A. Whether the Commissioner's Position Was Substantially Justified

The EAJA statute provides that a court shall award fees unless it finds that the position of the United States was substantially justified. 28 U.S.C. § 2412(d). If the position was substantially justified, fees should not be awarded. 28 U.S.C. § 2412(d)(1)(A).

The Commissioner argues that her position was substantially justified because (1) the ALJ addressed all of the relevant medical record and neither ignored contrary lines of evidence nor selectively considered medical records; (2) the omission of the Class III diagnosis does not mean that the Commissioner's position was not substantially justified because the district court

---

[4] The Supreme Court indicated in *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990), that the district court's method for determining what constitutes a reasonable fee under the EAJA is essentially the same as the method used under 42 U.S.C. § 1988 as described in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (considering a fee award pursuant to 42 U.S.C. § 1988).

3

did not view the ALJ's omissions as serious; (3) different adjudicators can interpret some of the medical records in contradictory ways; and (4) the ALJ's failure to articulate his reasons for the credibility determination is not so significant that it indicates the Commissioner's position is not substantially justified.

The district court has discretion to determine whether the Commissioner's position was substantially justified. *Pierce*, 487 U.S. at 562. Nevertheless, when considering an EAJA request, the district court "must accept the appellate court's view of the merits as the premise for evaluating the government's position." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 384 (7th Cir. 2010). "[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Bassett*, 641 F.3d at 860; *see Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004).

In reviewing the ALJ's decision, the Seventh Circuit noted that Plaintiff raised three claims of error; first, that the ALJ erred by determining that Plaintiff had the residual functional capacity (RFC) to perform light work; second, that the ALJ did not adequately explain his credibility determination; and third, that the ALJ ignored the VE's testimony, an argument that the Seventh Circuit court found was essentially the same as the RFC argument. Regarding Plaintiff's RFC argument, the court noted that the ALJ had "overlooked several pieces of contrary evidence" including (1) failing to "acknowledge that a cardiologist characterized Perkins's heart failure as Class III under the New York Heart Association classification"; (2) disregarding doctors' notes that Plaintiff's hypertension was uncontrolled and that he reported shortness of breath and significant fatigue; and (3) concluding that Plaintiff's poor heart function was explained by his failure to take his medication, even though a doctor had noted that Plaintiff was compliant with medication. *Perkins*, 498 F. App'x at 643. Regarding Plaintiff's credibility argument, the court stated that "substantial evidence [did] not support the ALJ's credibility determination" because the ALJ (1) used boilerplate language; (2) "never explored reasons for Perkins's failure to follow a treatment plan and thus should not have drawn negative inferences from this failure"; (3) did not describe "whether or how much [Perkins's dishonesty about his

4

drug abuse] undermined Perkins's credibility"; and (4) did not explain how Plaintiff's admitted ability to walk one mile was inconsistent with the limitations he claimed. *Id*. at 644.

Thus, the Seventh Circuit determined that the ALJ's decision was inadequate because it overlooked several pieces of contrary evidence. Furthermore, the court observed that the Commissioner offered her own explanations for the ALJ's RFC decision and credibility determination, thus defending the ALJ's decision regarding RFC on inappropriate grounds. *See Park v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (stating that an agency's lawyers may not "defend the agency's decision on grounds that the agency itself had not embraced") (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)).

These are "more than run-of-the-mill" errors according to the Seventh Circuit. *See Bassett*, 641 F.3d at 860. As noted above, the Court must accept the appellate court's perspective of the merits of the case when considering whether the Commissioner's position was substantially justified. *See Thouvenot*, 596 F.3d at 384. Based on the Seventh Circuit's order in this case, this Court concludes that the Commissioner's position was not substantially justified. Accordingly, the Court finds that an award of reasonable attorney fees is appropriate.

### B. Reasonableness of the Fee Request

Having determined that the Commissioner's position was not substantially justified, the Court next addresses whether the amount of Plaintiff's fee request is reasonable, considering the hours worked and the hourly rate. As the prevailing party, Plaintiff bears the burden of showing that the fee request is reasonable. *See Hensley*, 461 U.S. at 433.

Here, the Commissioner does not contest the requested rates or the hours expended. Courts generally award requested fees in the absence of a specific objection. *See Nw. Nat'l Life Ins. Co. of Milwaukee, Wis. v. Lutz*, 933 F. Supp. 730, 732 (C.D. Ill. 1996); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 315 (7th Cir. 1986) ("It is not the obligation of this court to search the record and scrutinize the figures used to calculate attorneys' fees."). Nevertheless, when awarding EAJA fees, the district court has the discretion and the duty to determine that the requested rates and number of hours expended on the case were reasonable. *See* 28 U.S.C. § 2412 ("Unless expressly prohibited by statute, a court may award *reasonable* fees and expenses

of attorneys . . ."); *Hensley*, 461 U.S. at 432-33. Thus, even in the absence of an objection as to reasonableness, courts have discretion to consider the reasonableness of the requested fees. *See, e.g., Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012) (considering, in the absence of an objection, whether the requested rate was reasonable); *Brasel v. Massanari*, No. 01 C 771, 2002 WL 31248472, at *1, 3 (N.D. Ill. Oct. 7, 2002) (considering, in the absence of an objection, whether the requested rate and hours were reasonable).

### 1. Rate

Plaintiff has requested attorney fees at a rate of $181.38 per hour for work done at the district court level, $184.25 per hour for work done at the appellate court level, and $95 per hour for work performed by legal assistants. The $95 hourly rate for legal assistants is consistent with rates accepted by other courts for legal assistant work and the Court will accept that rate. *See, e.g., Suess v. Colvin*, No. 11 C 4090, 2013 WL 5304094, at *1 n.2 (N.D. Ill. Sept. 18, 2013).

Regarding the rate for attorney work, Plaintiff argues that counsel is entitled to an increase from the statutory rate of $125 per hour established in EAJA, 28 U.S.C. § 2412(d)(2)(A), because of an increase in the cost of living. Plaintiff has submitted evidence based on the Consumer Price Index to support the requested rates. It appears that the rates of $181.38 and $184.50 are reasonable adjustments for inflation based on the Consumer Price Index.

Nevertheless, the EAJA does not create an *entitlement* to an inflation adjustment. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). A plaintiff must show not just that inflation has occurred, but that "inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." *Id.* "An inflation adjustment must . . . be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64.

Here, Plaintiff's counsel states that his office expenses such as rent, staff salaries, health insurance costs, legal research tools, basic office supplies, and continuing legal education conferences have all increased in the relevant time period. Thus, Plaintiff has provided the information required by the Seventh Circuit in *Mathews-Sheets* to support the requested rates.

As noted, the Commissioner does not contest the rates, and other courts have agreed that rates in this range are reasonable for the time period at issue. *See Mireles v. Astrue*, No. 10 C 6947, 2012 WL 4853065, at *4 (N.D. Ill. Oct. 11, 2012) (accepting a rate of $181.25 per hour); *DeWolf v. Astrue*, No. 11 C 2043, 2012 WL 3260420, at *3 (N.D. Ill. Aug. 8, 2012) (accepting a rate of $181.37 per hour); *Claiborne ex rel. L.D.*, No. 10 C 7728, 2012 WL 2680777, at *5 (N.D. Ill. July 6, 2012) (accepting a rate of $181.25 per hour). The Court finds that counsel has adequately supported his argument for hourly attorney rates of $181.38 and $184.25 based on the increase in the cost of living as it affects the cost to provide legal services.

### 2. Hours

In addition to the rate, the Court has discretion to determine whether the hours requested were reasonable. *Hensley*, 461 U.S. at 432-33. "When calculating an EAJA award, we must exclude hours that were not reasonably expended, and we may reduce the amount of the award accordingly." *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008); *see Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.").

Plaintiff argues that the requested hours are reasonable because the litigation "was very fact specific, requiring a detailed analysis and review of all medical records and reports, as well as a detailed comparison between the findings of the ALJ and the arguments of the Commissioner in Court, with the evidence of record." (#39, p. 10.)

Generally speaking, all social security cases are fact specific. Furthermore, they invariably require a detailed review of medical records, and a comparison of the evidence with the ALJ's findings and Commissioner's arguments. The 709-page record in this case may be longer than the average record, but the issues raised are not novel, exceptionally difficult, or specialized. While the Court does not question the effectiveness of counsel's work in this case, it is troubling that the time spent at the appellate level is almost three times as much as the time spent at the district court level.[5] Plaintiff's attorney stated at a motion hearing held September

---

[5] Ordinarily, an appeal focuses on how the district court erred and, therefore, requires a significant amount of additional work beyond that performed at the district court level. In social

7

23, 2013, that this dramatic increase occurred because (1) the appellate briefs were longer than the briefs filed in the district court, and (2) the attorneys had to prepare for and present oral argument. The Court acknowledges that presenting a case at the appellate level may involve some increase in hours. Nevertheless, in this case where the issues are relatively straightforward, the hours for which Plaintiff's counsel seeks reimbursement seem disproportionately high.

As an initial matter, the Court notes that the itemized hours at the appellate level by attorneys totals 75.6 hours, rather than the 77.4 hours reported by Plaintiff's counsel (#39-3, pp. 3-4). Accordingly, the Court will initially reduce the appellate level attorney hours by 1.8 hours.

Next, the itemization shows that different attorneys handled the briefing at the district court and appellate court levels, leading to a duplication of effort.[6] While some review is reasonable due to the lapse of time between the work for the district court and the appellate court, the Court finds that some of the resulting work was redundant or otherwise unnecessary. In particular, the attorney who performed the district court work spent 6.8 hours abstracting the record and the appellate attorney spent 9.4 hours abstracting the same record. The Court finds that the 9.4 hours are redundant under the circumstances; therefore, the fee request will be reduced by 9.4 hours. In addition, the appellate attorney spent 4.4 hours drafting a statement of

---

security appeals, however, the appellate court reviews the ALJ's decision directly. *Day v. Astrue*, 334 F. App'x 1, 6 (7th Cir. 2009) ("We review the district court's decision upholding the ALJ de novo, meaning we review the ALJ's ruling directly."). Therefore, on appeal, the district court's decision is irrelevant. *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998) ("[T]he district judge's error is irrelevant because our review of his decision is de novo, which means that we review the decision by the administrative law judge without giving any deference to the district judge's review of that decision."). While some reworking of the briefs may be required at the appellate level, the primary "new" work is generally limited to preparing for and presenting oral argument.

[6] Whether this occurred because of staffing issues or inefficiency is irrelevant. Neither reason justifies awarding fees for redundant work. *See Mireles v. Astrue*, No. 10 C 6947, 2012 WL 4853065, at *5 (N.D. Ill. Oct. 11, 2012) ("[T]he costs associated with staffing issues at Schultz's law office should be borne by the attorney or [the plaintiff], not by the government."). To be clear, the Court is not decreasing the hours based on the fact that two attorneys, presumably a senior attorney and an associate attorney, have worked together on the case throughout the proceedings. *See Copeland v. Astrue*, No 2:11-CV-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (recognizing the propriety of dividing work between a senior and junior attorney); *Reed v. Astrue*, No. 08-C-5604, 2010 WL 669619, at *3 (N.D. Ill. Feb. 19, 2010) (same).

facts even though the district court brief included a statement of facts. Allowing half that time for editing the statement of facts for the appellate brief, the Court will reduce the fees request by an additional 2.2 hours. *See, e.g., Mireles*, 2012 WL 4853065, at *5 (reducing a fee request by hours determined to be redundant).

Taking into account these reductions, the fees and costs at the district court level total $5,310.61[7] (28.7 attorney hours at $181.38 per hour, 1 hour of legal assistant work at $95.00 per hour, and $10.00 in costs). The fees and costs at the appellate level total $12,120.40 (64[8] attorney hours at $184.25 per hour, 1.1 hours of legal assistant work at $95.00 per hour, and $223.90 in costs). The fees for the EAJA reply brief total $1,013.37 (5.5 attorney hours at $184.25 per hour). Therefore, the Court recommends awarding $18,444.38 in fees and costs.

Plaintiff's counsel also asks the Commissioner to direct that payment be made payable to counsel pursuant to the assignment of EAJA fees in the fee agreement (#39-2) provided that the Treasury Department determines that no debt is owing for which EAJA fees may be offset. Direct payment to counsel is appropriate where, as here, an assignment to counsel has been made and the Commissioner does not allege that Plaintiff has any outstanding federal debt. *See Mathews-Sheets*, 653 F.3d at 565-66; *Carnaghi*, 2012 WL 6186823, at *6. Therefore, the Court recommends that the fee award be made payable to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff, subject to offset for any preexisting debt owed by Plaintiff to the United States.

### IV. Summary

For the reasons stated above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (**#39**) be **GRANTED as modified** and that $18,444.38 be awarded. The Court also recommends that the fee award be made payable to Plaintiff's counsel pursuant to the EAJA

---

[7] The difference between Plaintiff's total for district court work and the Court's total is due to a calculation error. See footnote 2.

[8] Total attorney hours performed at the appellate level are calculated beginning with Plaintiff's proposed number of hours: 77.4 – 1.8 – 9.4 – 2.2 = 64 hours.

assignment signed by Plaintiff, subject to offset for any preexisting debt owed by Plaintiff to the United States.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

ENTERED this 21st day of October, 2013.

                                             s/DAVID G. BERNTHAL
                                    UNITED STATES MAGISTRATE JUDGE